UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

BAY CITY REALTY LLC,

           Plaintiff,

v                                                       Case No. 20-11498
                                                     Honorable Thomas L. Ludington

MATTRESS FIRM, INC.,

           Defendant.
_____/

**ORDER DENYING PLAINTIFF'S MOTION FOR REMAND**

On May 1, 2020, Plaintiff Bay City Realty LLC filed a complaint against Defendant Mattress Firm, Inc. in Bay County Circuit Court. ECF No. 1 at PageID.12. On June 8, 2020, Defendant removed the case to this Court. ECF No. 1. On June 29, 2020, Plaintiff filed a motion to remand. ECF No. 4. The response and reply were timely filed. ECF Nos. 5, 7.

**I.**

Defendant is lessee of Plaintiff's commercial real property. ECF No. 1 at PageID.13. Annual Rent is $126,006.00, paid in monthly installments ("Monthly Annual Rent" of $10,500.50). *Id*. at PageID.21. "Monthly Additional Rent" is $3,802.05 to cover pro rata share of all taxes, insurance, and common area maintenance expenses. *Id*. Payments made after the tenth of each month incur a $150 late fee. *Id*. The Lease term is December 2013 to February 2024. *Id*. at PageID.13. If Defendant breaches the lease, the Lease provides that Plaintiff may require Defendant to pay Liquidated Damages or Indemnity Payments for the remaining term of the Lease. *Id*. at PageID.33.

Plaintiff alleges that Defendant last paid both the Monthly Annual Rent and Monthly Additional Rent on February 28, 2020 in anticipation of March's tenancy. *Id*. at PageID.13. On

March 30, 2020, Plaintiff sent Defendant a Notice of Default. *Id*. at PageID.47. In the Notice of Default, Plaintiff claims it received correspondence from Defendant that Defendant unilaterally decided to stop paying Monthly Annual Rent and Monthly Additional Rent per Force Majeure. *Id*. Plaintiff also alleges that on April 1, 2020 Defendant paid "Monthly Additional Rent", but not "Monthly Annual Rent." *Id*. at PageID.13.

In Notice of Default Letter, Plaintiff stated that "[u]nless [Defendant] immediately resumes full and complete compliance with the Lease, [Plaintiff] may accelerate all sums due." *Id*. On April 23, 2020, Plaintiff drafted its complaint, stating that damages had risen to "at least $14,235.69" due to the April Monthly Annual Rent charge of $10,500.49, a $150 late fee, a $85.20 interest fee, and $3,500 in attorney's fees. *Id*. at PageID.15. Plaintiff also lists its damages to include: "the full amount of all rental obligations due and owing under the Lease," "the full amount of any other monetary obligations due and owing under the Lease," and "Additional Rent, property taxes, insurance-related costs, late fees, interest, legal fees, and other fees, plus attorneys' fees and costs." *Id*. However, Plaintiff's request for relief is seemingly more narrow, asking for "past due Rent, Additional Rent, late fees, interest, and other damages as may be appropriate," "attorney's fees," "costs and expenses," and "for such other and further relief as the Court deems just and appropriate under the circumstances." *Id*.

On June 8, 2020, Defendant filed a Notice of Removal on the grounds of diversity jurisdiction. *Id*. at PageID.2-5. Defendant states that because the Lease's two resolutions for breach of contract result in acceleration of payments for the remainder of the Lease term, the amount in controversy exceeds $75,000. *Id*. at PageID.3-4, 33. Defendant points to the Complaint where Plaintiff states its damages as a result of breach include "the full amount of all rental obligations due and owing under the Lease." *Id*. at PageID.3-4, 15.

On June 29, 2020, Plaintiff filed a Motion for Remand. ECF No. 4 at PageID.62, 67. Plaintiff concedes that the parties are diverse. *Id*. at PageID.63. However, Plaintiff argues that the amount in controversy does not exceed $75,000. *Id*. Plaintiff explains that its complaint seeks only back rent, interests, attorney's fees, and costs. *Id*. Plaintiff stated that as of June 29, 2020, the amount in controversy was "currently less than $40,000, though it continues to grow with each month [Defendant] refuses to make the payments." *Id*. at PageID.64.

## II.

"Generally, a civil case brought in a state court may be removed by a defendant to federal court if it could have been brought there originally." *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000) (citing 28 U.S.C. § 1441(a)). Federal district courts have "original "diversity" jurisdiction where the suit is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of costs and interest." *Id.* at 871 (citing 28 U.S.C. § 1332(a)). "A defendant removing a case has the burden of proving the diversity jurisdiction requirements," and the amount in controversy is determined "as of the time of removal." *Id.* at 871. Doubts about removal "should be resolved in favor of remand to the state courts." *Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 534 (6th Cir. 1999).

## III.

Plaintiff argues that this case should be remanded because the requirements for diversity jurisdiction have not been met. It also contends that the Court should award attorney's fees and actual expenses incurred as a result of the removal. ECF No. 4 at PageID.65.

### A.

While there are two requirements for diversity jurisdiction under § 1332—diverse citizens and an amount in controversy over $75,000—the first is not in dispute here. Defendant is a

Delaware corporation whose principal place of business is in Texas. Since a corporation is a citizen of the state where it is organized and where it has its principal place of business, Defendant is a citizen of Delaware and Texas. *See* 28 U.S.C. § 1332(c)(1). Plaintiff is an Indiana limited liability company whose principal place of business is in Indiana. Plaintiff's only member outside of Indiana is in Arizona. Since none of Plaintiff's members are citizens of Delaware or Texas, the parties are diverse. *See Varsity Brands, Inc. v. Star Athletica, LLC*, 799 F.3d 468, 494 (6th Cir. 2015) (a limited liability company's citizenship is that of each of its members). Also, Defendant claims and the Plaintiff does not dispute that the parties are diverse. ECF No. 1 at PageID.2-3; ECF No. 4 at PageID.4.

The question is whether the amount in controversy is greater than $75,000. The party opposing remand has the burden of proving, by a preponderance of the evidence, that the amount in controversy exceeds jurisdictional requirements. *Charvat v. Echostar Satellite, LLC*, 630 F.3d 459, 462 (6th Cir. 2010) (party invoking federal jurisdiction bears the burden of satisfying the requirements of federal jurisdiction). In other words, Defendant "has the burden of showing that the requirement 'more likely than not' is satisfied." *Cleveland House Renewal Project v. Deutsche Bank Trust Co.*, 621 F.3d 554, 560 (6th Cir. 2010) (quoting *Everett v. Verizon Wireless, Inc.*, 460 F.3d 818, 822 (6th Cir. 2006)). The amount in controversy includes claims for attorneys' fees when they are recoverable by contract. *Williamson v Aetna Life Ins. Co.*, 481 F.3d 369, 376 (6th Cir. 2007); *Allstate Ins. Co. v Renou*, 32 F. Supp. 3d 856, 863 (E.D. Mich. 2014). Courts focus on "the economic value of the rights [plaintiffs] seek[] to protect" when determining the amount in controversy. *Smith v Nationwide Prop. & Cas. Ins. Co.*, 505 F.3d 401, 407 (6th Cir. 2007). District Court Judge Gwin found that when a plaintiff sought to enforce a lease by specific performance, the value of relief sought to enforce the lease "is at a minimum the value of the lease." *Crocker*

*Park, LLC v. Lucky Brand Dungarees Store, Inc.*, 2008 WL 4746086, at *2 (N.D. Ohio Oct. 24, 2008). Judge Gwin determined that the value of a lease is the sum of past due payments and future obligatory rent payments at the time of removal. *Id*.

In this case, Plaintiff states in its complaint that its damages "include, among other things, the full amount of all rental obligations due and owing under the Lease. Bay City's damages also include the full amount of any other monetary obligations due and owing under the Lease, including, without limitation, additional rent, property taxes, insurance-related costs, late fees, interest, legal fees, and other fees, plus attorneys' fees and costs." ECF No. 1 at PageID.15. At the time of the complaint, the unpaid rent was $14,235.69. As best the Court can calculate the amount of unpaid rent was about $39,555.60 at the time of removal (three months of unpaid Monthly Annual Rent, two months of unpaid Monthly Additional Rent, three months of late fees).[1] In addition, Plaintiff alleged one month of attorney fees totaling $3,500. Future obligatory rent amounts to $772,337.70 (four years and six months of Monthly Annual Rent and Monthly Additional Rent). Therefore, the total value of the lease is $765,393.30 at the time of removal and exceeds $75,000.

Plaintiff's argument that it only seeks past due Monthly Annual Rent, Monthly Additional Rent, late fees, interests, and attorney fees is unavailing. At the time of removal, Plaintiff claims the past due amount totaled less than $40,000. ECF No. 4. However, as Defendant highlights, in Plaintiff's complaint it lists damages to include "the full amount of all rental obligations due and owing under the Lease . . . [and] the full amount of any other monetary obligations due and owing under the Lease." ECF No.1 at PageID.15; ECF No. 5 at PageID.73-75. Plaintiff appears to be

---

[1] Plaintiff states in its reply that "Mattress Firm has made three payments to Bay City, none of which were sufficient to bring Mattress Firm's account current. . . . Thus, as of today's date, Mattress Firm currently owes Bay City less than $40,000 for past-due payments under the Lease." ECF No. 7 at PageID.85. Plaintiff has not provided details of these payments to the Court.

equivocating between asking for full enforcement of the lease provisions, which include the ability to accelerate future payments and liquidated damages, in its complaint and asking solely for back rent to stay under the $75,000 jurisdictional cap in its motion for remand. Plaintiff cannot seek all damages in its complaint and then argue in its motion for remand that it is only seeking past-due payments.

Defendant has proved by a preponderance of the evidence that the amount in controversy exceeds $75,000 and Plaintiff's motion will be denied.

**IV.**

Accordingly, it is **ORDERED** that Plaintiff's Motion to Remand, ECF No. 4, is **DENIED**.


Dated: August 13, 2020                        s/Thomas L. Ludington
                                              THOMAS L. LUDINGTON
                                              United States District Judge